# United States District Court
## Central District of California

**UNITED STATES OF AMERICA** vs  
**Defendant** Joshua Monette Hass  
akas: none  
& Residence  
Address: 20200 Leadvill Street, Apt. 35  
Winnetka, CA 91306

**Docket No.** CR 00-682-AHM  
**Social Security No.** 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  

**Mailing Address:** (Same)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person, on this date of: November 27, 2000

**COUNSEL:** _X_ WITH COUNSEL Jeffrey Vallens, Retained

**PLEA:** _X_ GUILTY, and the Court being satisfied that there is a factual basis for the plea.

**OFFENSE:** Interference with Housing Rights in violation of 42 USC 3631(a) as charged in the single count information.

**JUDGMENT AND PROBATION/COMMITMENT ORDER:**
The Court inquired of the defendant and his counsel as to whether there is any legal cause or reason as to the imposition of sentence. Due to the fact that there was not sufficient cause shown to the contrary by the defendant and /or his counsel, the Court ordered judgment as follows: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of: 10 months.

Modify condition of bond to require the defendant to act as an intern/participant in the 6-week JOLT program and follow the instructions of Lecia Brooks, Director of Special Projects, National Conference for Community and Justice, 1055 Wilshire Blvd., Los Angeles, CA, (213) 250-8787 and his Pretrial Services Agency Officer with respect to his participation in that program.

It is ordered that the defendant shall pay to the United States a special assessment of $25.00, which is due immediately. Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

It is ordered that the defendant shall pay restitution in the total amount of $1,300.00 pursuant to 18 USC 3663A. The amount of restitution ordered shall be paid to Mahmoud Zaki Amin in the amount of $1,300.00. Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of $110.00 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. If any amount of restitution ordered remains unpaid after the termination of supervision, the balance shall be paid as directed by the United States Attorney's Office.

Until restitution has been paid in full, the defendant shall notify the Attorney General of any change in the defendant's mailing address or residence address, no later than thirty (30) days after the change occurs.

The defendant shall notify the Court, through the Probation Office, and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, as required by 18 U.S.C. Section 3664(k). The Court may also accept such notification form the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of the restitution pursuant to 18 U.S.C. Section 3664(k).

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependants and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____  BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____  BY: _____

AO-245-A (01/90)  JUDGMENT AND PROBATION/COMMITMENT ORDER

**United States District Court**
**Central District of California**

| | |
|---|---|
| **UNITED STATES OF AMERICA** vs | Docket No. CR 00-682-AHM |
| Defendant   Joshua Monette Hass | DATE: November 27, 2000 |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

continued from page 1

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Joshua Monette Hass is hereby committed on Count 1 of the Information to the custody of the Bureau of Prisons to be imprisoned for a term of 10 months.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of one years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;
2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to 1 drug test within 15 days of release from imprisonment/placement on probation and at least 2 periodic drug tests thereafter, as directed by the Probation Officer;
3. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;
4. As directed by the Probation Officer, the defendant shall provide to the Probation Officer a signed release authorizing credit report inquiries, federal and state income tax returns and an accurate financial statement with supporting documentation to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer;
5. The defendant shall participate for a period of not less than 48 weeks, in a counseling and/or treatment program focused primarily on issues of bias, bigotry and violence, and if necessary, substance abuse, designed and administered by the NESS Counseling Center, 8512 Whitworth Drive, Los Angeles, CA 90035, (310) 360-8512. Further, the defendant shall follow all instructions and directives of NESS Counseling Center staff and the Probation Officer;
6. The defendant shall perform 100 hours of community service as directed by staff of the NESS Counseling Center and the Probation Officer. The Court requires that the community service be tailored primarily to the specific crime committed by the defendant. As such, the Court recommends that a portion of the community service be devoted to services which assist or recognize the need of Arab-American and Jewish-American communities;
7. Within 30 days of his release from custody, the defendant shall contact telephonically Lecia Brooks, Director of Special Projects, National Conference for Community and Justice, 1055 Wilshire Blvd., Los Angeles, CA, (213) 250-8787. Thereafter, he shall make himself available for six hours, one day per week, for a period of 30 days, for participation in community service and/or counseling as directed by Ms. Brooks and the Probation Officer;
8. During the supervised release period, no association with persons affiliated with groups or gangs espousing white supremacist or separatist views;
9. During the supervised release period, no possession of hate literature or hate symbols; and
10. During the supervised release period, no participation in acts of harassment or intimidation against members of minority groups, including Mahmoud Zaki Amin and his family.

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependants and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, *and shall permit the probation officer to* make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____   BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____   BY: _____

AO-245-A (01/90)   JUDGMENT AND PROBATION/COMMITMENT ORDER

**United States District Court**
**Central District of California**

UNITED STATES OF AMERICA vs            Docket No. CR 00-682-AHM
Defendant  Joshua Monette Hass         DATE: November 27, 2000

## JUDGMENT AND PROBATION/COMMITMENT ORDER

continued from page 2

It is further ordered that the Probation Officer schedule status conference before the Court, in approximately 90-day intervals during the period of supervision and notify the defendant of the date and time of the hearings. The defendant and the Probation Officer shall be present at all such scheduled hearings.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, February 5, 2001. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at:

> United States Court House
> 312 North Spring Street
> Los Angeles, California 90012

The recommendation for self surrender is based upon the court having made the requisite findings pursuant to 18 USC 3143(a) (release or detention pending sentence).

Defendant is informed of his right to appeal.

**In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.**

Signed by: U.S. District Judge _____
A. HOWARD MATZ

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Dated/Filed  NOV 29 2000
Month / Day / Year

Sherri R. Carter, Clerk
By _____
Deputy Clerk

Page 3 of 3

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependants and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____   BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____   BY: _____

AO-245-A (01/90)   JUDGMENT AND PROBATION/COMMITMENT ORDER